The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bain Jones. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between the plaintiff and the defendant-employer.
3. Defendant is self-insured and the North Carolina Home Builders Self Insured fund is the servicing agent in this matter.
4. Temporary total disability was paid to plaintiff from March 9, 1995 until April 23, 1995 pursuant to a Form 60 which was filed with the Industrial Commission on April 5, 1995.
5. Plaintiff suffered a compensable injury to his left hip, left shoulder, neck and right side of the head on March 9, 1995.
6. A Form 28B was filed with the North Carolina Industrial Commission on October 15, 1997 indicating that the plaintiff had received $1,401.95 of temporary total disability compensation and medical treatment was paid totaling $4,360.45.
7. Plaintiff's medical records were stipulated into evidence and marked as Stipulated Exhibit 1. These records consist of the following: six pages of documentation from Dr. Liles; five pages of documentation from Stanley Physical Therapy; one page of documentation from Colin L. Moffett, D.P.M.; seventeen pages of documentation from Ann R. Brewer M.D.; fourteen pages of documentation from David N. Dupuy M.D.; four pages of documentation from Roy A. Majors, M.D.; three pages of documentation from David J. Burke, M.D.; eight pages of documentation from Surendrepal S. Mac, M.D.; and forty pages of documentation from Comprehensive Rehabilitation Associates, Inc.
8. The issues before the undersigned are the following: (i) whether plaintiff has had a change of condition relating to his compensable injury; (ii) whether plaintiff is permanently and totally disabled as a result of his compensable injury and (iii) if so, what compensation, if any, is due the plaintiff.
 *************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing plaintiff was 46 years old. Plaintiff has a ninth grade education and has received a GED. Plaintiff has previously worked production work for twelve years and since that time has been employed in construction work as a laborer.
2. In June 1994, plaintiff became employed by the defendant-employer as a laborer. Plaintiff's normal duties included putting up the scaffolding, cleaning and getting materials as needed. Plaintiff worked eight hours a day at a rate of $8.00 per hour. Gerald Whitley was the plaintiff's supervisor. On March 9, 1995, plaintiff was injured while working for the defendant-employer when he fell from scaffolding injuring his left hip, left shoulder, neck and right side of the head. Jeff Whitley instructed plaintiff to present himself to Dr. Liles.
3. Dr. Liles indicated that plaintiff could return to work on March 13, 1995.
4. Plaintiff presented himself to Ann R. Brewer, M.D., a neurologist chosen by plaintiff. Dr. Brewer prescribed pain medication for plaintiff. Dr. Brewer had previously treated plaintiff in relation to a prior automobile accident.
5. Plaintiff returned to work on March 13, 1995. Plaintiff performed modified duty.
6. Plaintiff returned to work on March 14, 1995 but left work because of complaints of pain.
7. On April 21, 1995 plaintiff was seen by David N. Dupuy, M.D. Dr. Dupuy released plaintiff to return to work on April 22, 1995 with a twenty-five pound lifting restriction. On July 13, 1995 David N. Dupuy released plaintiff to return to work with no restrictions.
8. On October 22, 1995, plaintiff was seen by Roy A. Majors, M.D. who indicated that the plaintiff was at maximum medical improvement and had no permanent impairment relating to his March 1995 injury.
9. On April 24, 1995 plaintiff went to work for Gene Harkay Construction. Plaintiff worked thirty-two hours a week at $7.00 an hour. Plaintiff was a laborer for Mr. Harkay.
10. On September 6, 1995, plaintiff was employed by Specialty Brick as a laborer working at $9.00 an hour.
11. In March 1996 plaintiff became employed by Bradley's Construction as a laborer. Plaintiff worked forty hours a week and received $7.50 an hour.
12. Plaintiff was seen by David J. Burke on September 23, 1996 upon a referral from Vocational Rehabilitation of Stanley county. Dr. Burk indicated that he was unable to address plaintiff's disability since 1995.
13. There is insufficient evidence of record from which to determine by its greater that plaintiff has had a change of condition relating to his compensable injury or that plaintiff is permanently or totally disabled as a result of the injury on March 9, 1995.
 **************
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he has had a change of condition relating to his compensable injury on March 9, 1995. N.C. Gen. Stat. § 97-47.
2. Plaintiff has failed to prove by the greater weight of the evidence that he is permanently and totally disabled as a result of his compensable injury on March 9, 1995. N.C. Gen. Stat. § 97-29.
 **************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law plaintiff's claim must be and the same is DENIED.
2. Each side shall bear its own cost.
This the 6th day of May 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER